IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

RAY LINDSEY,                      )
                                  )
        Plaintiff,                )
                                  )
v.                                )    No. CIV-08-133-FHS
                                  )
SHELLY ROYAL,                     )
                                  )
        Defendant.                )

## OPINION AND ORDER

Plaintiff, Ray Lindsey, initiated this pro se action under the authority of 42 U.S.C. § 1983 alleging that Defendant, Shelly Royal ("Royal"), an Adult Protective Services Specialist with the Oklahoma Department of Human Services ("DHS"), has committed various constitutional violations in connection with adult protective services proceedings involving Eva Nadine Hoffman ("Hoffman").[1] This matter is now before the Court on Royal's Motion to Dismiss (Document No. 19). Royal contends Plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1) and (6).[2] Having fully reviewed

---

[1] In a responsive pleading, Plaintiff's Objection and Motion to Strike (Document No. 20), Plaintiff notes an alternative basis for jurisdiction under the diversity statute, 28 U.S.C. § 1332. Plaintiff's complaint, however, fails to support diversity jurisdiction as it is alleged that Plaintiff is an Oklahoma citizen and that Royal "resides" in Oklahoma. There being no allegation that Plaintiff and Royal are citizens of different states, no basis for diversity jurisdiction exists.

[2] Royal also argues dismissal is appropriate pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process on her. The court rejects this basis for dismissal as a review of the return of service on file,

1

the parties' respective submissions, the Court finds Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief can be granted, with two exceptions.[3]  The Court finds the two exceptions to this dismissal order are that Plaintiff has asserted a viable claim under the Fourteenth Amendment for deprivation of his property without due process of law and a Fourth Amendment violation for illegal entry onto Plaintiff's property.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a party asserting a claim must present in his pleading "a short and plain statement of the claim showing that [he] is entitled to relief."  In the context of a complaint filed *pros se* by a party proceeding *in forma pauperis*, the Court must liberally construe the complaint in favor of the Plaintiff, Haines v. Kerner, 404 U.S. 519, 520 (1972), but the Plaintiff cannot rely on "conclusory allegations without supporting averments," Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), and survive a properly supported motion to dismiss for failure to state a claim upon which relief can be granted.

---

Document No. 17, reveals that Royal was personally served with process at her place of employment.  Such service complies with the requirements for service of process on individuals under Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure.

[3] In her response to the motion to dismiss, Plaintiff objects to Royal's counsel, Richard Freeman, Jr. ("Freeman"), Assistant General Counsel of DHS, being allowed to represent Royal because he is a "tax payer financed attorney appearing for . . . a private party."  Plaintiff's Objection and Motion to Strike, p. 1.  Plaintiff moves to dismiss Freeman and strike his pleadings and for an order requiring Royal to retain private counsel.  Id.  Plaintiff offers no authority for these requests and the Court finds no basis for any of the relief requested with respect to Freeman.  Plaintiff's motion to strike is denied.

For years, the Court's analysis of a Rule 12(b)(6) motion has been guided by the standard that dismissal was appropriate only where "it appears beyond a doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Recently, however, in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), the Supreme Court held that this "standard has earned its retirement," id. at 1969, and it set forth "a new inquiry . . . [to be used] in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Ridge at Red Hawk, 493 F.3d, 1174, 1177 (quoting Twombly, 127 S.Ct. at 1974). To satisfy this new standard, Plaintiff must "nudge[] [his] claims across the line from conceivable to plausible." Twombly, 127 S.Ct. at 1974. While detailed factual allegations are not necessary, the assertion of "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. Thus, in order to survive a Rule 12(b)(6) motion, the non-moving party is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.

The Court has thoroughly reviewed the 25-page complaint filed by Plaintiff.[4] For the most part, the complaint can best be described as a rambling, irrational, and conspiratorial recitation

---

[4] Plaintiff's complaint consists of a 20-page document entitled "Complaint," which is numbered by Plaintiff as page 4 of 30 through page 22 of 30 and page 30 of 30. Plaintiff has attached to his complaint a five-page document entitled "Complaint Under 42 U.S.C. 1982 and Other Statues [sic] of the USCA." In this attachment, Plaintiff essentially repeats the allegations of the complaint, but asserts the events took place on a different date - February 28, 2008, as opposed to March 6, 2008.

of unspecified constitutional violations allegedly committed by Royal, and other unknown and unnamed defendants, in connection with the removal of Hoffman from Plaintiff's home under the adult protective services jurisdiction of DHS. For example, Plaintiff alleges that on March 6, 2008, "certain of the Mafia Players entered a hole in [his] roof they had chopped some time ago and hidden with a false cover made of a thin board frame covered with shingles almost the same color as the roof's shingles and dropped into my attic." Complaint, pp. 7-8. As a result of this intrusion, Plaintiff alleges Royal removed Hoffman "from her home against her will and even as we speak holds her prisoner." Id. at 8. Plaintiff contends Hoffman was removed from his house because "Royal took a handful of dirt in my house, planted it around and then photographed it and declared my house not fit for Eva." Id. at 15. Plaintiff goes on to state that Hoffman is in peril in that she "has had a high dollar murder contract on her head since 1993. Id. at 10. Finally, Plaintiff alleges that "short time ago - a girl [Brandy] who I practically raised came to our house with some other young people," id. at 12, and Plaintiff made them leave as he was sure they were there to "set us up." Id. Plaintiff contends Brandy and her friends were instructed to kill Plaintiff and Hoffman "and the price for failure would be death (a standard Mafia regulation)." Id. at 13. Plaintiff reported this visit to law enforcement as a possible "death threat situation," id., and contends that "[a]bout ten days later Brandy's body was found." Id.

The Court concludes the allegations contained within the Complaint (with the exception of those related to the two claims discussed below) fail to state a claim to relief that is plausible under the standard set forth by Twombly. Not only are the allegations fanciful and conclusory, they also fail to implicate

4

any constitutional right inuring to the benefit of Plaintiff. As previously ruled on by the Court, Plaintiff cannot represent Hoffman in these proceedings, see <u>Herrera-Veregas v. Sanchez-Rivera</u>, 681 F.2d 41, 42 (7th Cir. 1982)(third-party lay representation not allowed in federal court) and <u>Sanders v. Funk</u>, 2007 WL 1158531 (D. Colo)("authorization to act under a power of attorney is not an authorization to practice law"), and he cannot assert violations of other's constitutional rights.

Liberally construed, however, the complaint does contain sufficient factual allegations to withstand the instant motion to dismiss as to claims for denial of due process and illegal entry. With respect to the due process claim, Plaintiff contends Royal "ordered and coerced [Hoffman] to steal [Plaintiff's] back pack which contained $1200.00 cash, all the credit cards, all the bank cards, all [Plaintiff's] ID's, etc." Complaint, p. 9. Plaintiff also contends his back pack contained "two artifact rings which are on loan to [him] by [his] club - one is a priceless rubbie [sic] and gold from the great pyramid and [the other] the ring of Atlantis from the part of Atlantis which did not sink in South America." <u>Id</u>. Plaintiff contends Royal has refused to return all of the items contained in the back pack even though she has returned the back pack itself. <u>Id</u>. at 17. Taken in the light most favorable to Plaintiff, these allegations are sufficient to survive the instant motion to dismiss as they state a claim for denial of property without due process in violation of the Fourteenth Amendment. With respect to the illegal entry claim, Plaintiff has asserted that neither he nor Hoffman "gave consent to Royal to be on our land or in our house." <u>Id</u>. at 11. Similar to the Fourteenth Amendment due process claim, these allegations are sufficient to survive the instant motion to dismiss as they constitute the assertion of a claim for illegal entry in violation

5

of the Fourth Amendment.  In sum, the Court concludes Plaintiff's Complaint can reasonably be interpreted to assert these two constitutional violations and the development of a factual record is necessary to properly evaluate both of these claims.

To the extent Plaintiff is attempting to assert tort claims against Royal, the Court finds such claims are subject to dismissal as barred by the provisions of the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 O.S. § 151 *et seq.*  The OGTCA governs claims against the state of Oklahoma, "its political subdivisions, and all of their employees acting within the scope of their employment."  51 O.S. § 152.1(A).  "The state, only to the extent and in the manner provided [in the OGTCA], waives its immunity and that of its political subdivisions.  In so waiving its immunity, it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution."  51 O.S. § 152.1(B).  The liability of state of Oklahoma and its agencies under the OGTCA is "exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise."  51 O.S. § 153(B).  In this regard, the OGTCA provides:

> Suits instituted pursuant to the provisions of this act shall name as defendant the state or the political subdivision against which liability is sought to be established. **In no instance shall an employee of the state or political subdivision acting with the scope of his employment shall be named as a defendant**. . . .

51 O.S. § 163(C)(Emphasis added).  Consequently, Royal is not a proper party to any tort action potentially being asserted by Plaintiff as there is nothing in the record to suggest that she was acting as other than within the scope of her employment as an adult protective services case worker with DHS.

Based on the foregoing reasons, Royal's motion to dismiss for failure to state a claim upon which relief can be granted is granted in all respects, except for the allegations constituting claims under the Fourteenth Amendment for denial of due process and the Fourth Amendment for illegal entry.[5]

It is so ordered this 18th day of August, 2008.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

[5] Royal also seeks dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction arguing that Plaintiff's claims are wholly insubstantial and frivolous. The Court rejects this basis for dismissal with respect to the remaining due process and illegal entry claims.